# SUPREME COURT OF THE UNITED STATES

CORAL RIDGE MINISTRIES MEDIA, INC., DBA D.
JAMES KENNEDY MINISTRIES *v.* SOUTHERN
POVERTY LAW CENTER

ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED
STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

No. 21–802.   Decided June 27, 2022

The petition for a writ of certiorari is denied.

JUSTICE THOMAS, dissenting from the denial of certiorari.

Coral Ridge Ministries Media, Inc., is a Christian non-profit dedicated to spreading the "Gospel of Jesus Christ" and "a biblically informed view of the world, using all available media." 406 F. Supp. 3d 1258, 1268 (MD Ala. 2019) (internal quotation marks omitted). In 2017, Coral Ridge applied to receive donations through AmazonSmile, a program that allows Amazon customers to contribute to approved nonprofits. To its dismay, Coral Ridge learned it was ineligible for the program. The Southern Poverty Law Center (SPLC) had designated Coral Ridge an "Anti-LGBT hate group" because of its biblical views concerning human sexuality and marriage. *Id.,* at 1270 (internal quotation marks omitted). AmazonSmile excluded Coral Ridge based on SPLC's "hate group" designation.

Objecting to that designation, Coral Ridge sued SPLC for defamation under Alabama law. Coral Ridge maintained that although it "opposes homosexual conduct" based on its religious beliefs, it is in no sense a "hate group." Amended Complaint in *Coral Ridge Ministries Media, Inc.* v. *Amazon.com, Inc.*, No. 2:17–cv–566 (MD Ala., Oct. 18, 2017), ECF Doc. 40, p. 13. To the contrary, it "has nothing but love for people who engage in homosexual conduct" and "has never attacked or maligned anyone on the basis of engaging in homosexual conduct." *Ibid.* Coral Ridge alleged that

SPLC was aware that it was not a "hate group," but falsely labeled it one anyway to "destroy the Ministry" by "dissuad[ing] people and organizations from donating to [it]." *Id.,* at 19.

SPLC responded that its "hate group" designation was protected by the First Amendment. The District Court agreed and dismissed Coral Ridge's complaint for failure to state a claim. Because Coral Ridge conceded that it was a "'public figure,'" the court observed that Coral Ridge had to prove three elements to rebut SPLC's First Amendment defense: the "'hate group'" designation had to be (1) provably false, (2) actually false, and (3) made with "'actual malice.'" 406 F. Supp. 3d, at 1270. The court concluded that SPLC's "hate group" designation was not provably false because "'hate group' has a highly debatable and ambiguous meaning." *Id.,* at 1277. Additionally, the court held that Coral Ridge had not plausibly alleged that SPLC acted with "actual malice," as defined by this Court's decision in *New York Times Co.* v. *Sullivan*, 376 U. S. 254, 280 (1964). See 406 F. Supp. 3d, at 1278–1280.

The Court of Appeals affirmed but rested its decision exclusively on the "actual malice" standard. See 6 F. 4th 1247, 1251–1253 (CA11 2021). While a defamed person must typically prove only "a false written publication that subjected him to hatred, contempt, or ridicule," *McKee* v. *Crosby*, 586 U. S. ___, ___ (2019) (THOMAS, J., concurring in denial of certiorari) (slip op., at 6) (internal quotation marks omitted), a "public figure" laboring under the "actual malice" standard must prove that a defamatory statement was made "with knowledge that it was false or with reckless disregard of whether it was false or not," *New York Times*, 376 U. S., at 280. Applying that "actual malice" standard, the Court of Appeals agreed that Coral Ridge's complaint had not sufficiently alleged that SPLC doubted or had good reason to doubt the truth of its "hate group" designation. See 6 F. 4th, at 1252–1253.

Coral Ridge now asks us to reconsider the "actual malice" standard. As I have said previously, "we should." *Berisha* v. *Lawson*, 594 U. S. \_\_\_, \_\_\_ (2021) (opinion dissenting from denial of certiorari) (slip op., at 2). "*New York Times* and the Court's decisions extending it were policy-driven decisions masquerading as constitutional law." *McKee*, 586 U. S., at \_\_\_ (opinion of THOMAS, J.) (slip op., at 2). Those decisions have "*no relation* to the text, history, or structure of the Constitution." *Tah* v. *Global Witness Publishing, Inc.*, 991 F. 3d 231, 251 (CADC 2021) (Silberman, J., dissenting in part). This Court has never demonstrated otherwise. In fact, we have never even inquired whether "the First or Fourteenth Amendment, as originally understood, encompasses an actual-malice standard." *McKee,* 586 U. S., at \_\_\_ (opinion of THOMAS, J.) (slip op., at 10).

I would grant certiorari in this case to revisit the "actual malice" standard. This case is one of many showing how *New York Times* and its progeny have allowed media organizations and interest groups "to cast false aspersions on public figures with near impunity." *Tah*, 991 F. 3d, at 254 (opinion of Silberman, J.). SPLC's "hate group" designation lumped Coral Ridge's Christian ministry with groups like the Ku Klux Klan and Neo-Nazis. It placed Coral Ridge on an interactive, online "Hate Map" and caused Coral Ridge concrete financial injury by excluding it from the AmazonSmile donation program. Nonetheless, unable to satisfy the "almost impossible" actual-malice standard this Court has imposed, Coral Ridge could not hold SPLC to account for what it maintains is a blatant falsehood. *Dun & Bradstreet, Inc.* v. *Greenmoss Builders, Inc.*, 472 U. S. 749, 771 (1985) (White, J., concurring in judgment).

Because the Court should not "insulate those who perpetrate lies from traditional remedies like libel suits" unless "the First Amendment requires" us to do so, *Berisha*, 594 U. S., at \_\_\_ (opinion of THOMAS, J.) (slip op., at 3), I respectfully dissent from the denial of certiorari.